In the Matter of WALTER A. CAVANAGH, JR., et al., Petitioners, against JAMES S. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, February 6, 1952.

*Samuel M. Lane* and *Claus Motulsky* for petitioners.

*Denis M. Hurley, Corporation Counsel (Joseph E. Kinsley* of counsel), for respondents.

*Paul Windels* and *John K. Clark, Jr.,* for Joseph Lovett, on behalf of himself and all others similarly situated, intervener, respondent.

Hofstadter, J.  On June 9, 1951, 5,700 candidates took a promotion examination for the position of lieutenant in the fire department of the city of New York.  Only 450 passed that examination.  The petitioners herein, all firemen, first grade, in the fire department were unsuccessful candidates upon that examination.  In this proceeding, brought pursuant to article 78 of the Civil Practice Act, the court is asked to direct the municipal civil service commission to refrain from grading the answers to nine questions on the basis of their published " key answers " and to grade them differently, or in the case of five of the questions to eliminate them entirely.  Following such action, it is requested that the commission be ordered to regrade all examination papers accordingly.

The examination consisted of 100 so-called " multiple choice " questions.  Candidates were asked to select one — out of four answers indicated — as the answer it was believed " to be the acceptable one among those listed ".  To pass the examination, as originally given, each candidate was required to answer seventy out of the one hundred questions acceptably; but after the examination was held, one question was withdrawn and sixty-nine correct answers became the passing grade.

Following the publication of tentative " key answers ", the commission, through procedure established for that purpose, considered the many protests that were filed.  The final " key answers ", published on August 23, 1951, resulted in some readjustments whereby one answer was eliminated, and, as to two questions, two answers out of the four were held to be " acceptable ".

Petitioners challenge the ruling of the commission as to nine other questions on the ground that certain of them were so incomplete or ambiguous that they were incapable of any rational answers and that others were capable of more than one acceptable answer.  The application is opposed not only by the commission but by intervening respondents, who consist of successful candidates upon the examination.

The power of the court to review the action of the commission in grading examination papers is properly a circumscribed one.  The court does not act as a super-board of examiners in such instances.  Its power is limited to overrule action which is illegal or in bad faith, or decision which is arbitrary, capricious, or unreasonable.  Conclusions based upon data about which reasonable men may differ involve matters of judgment.  It is axiomatic that a court will not substitute its judgment for that of an administrative body to which is delegated a govern-

mental function. The "protest" procedure permitted with respect to civil service examinations affords an opportunity for presenting arguments on technical questions involved in the varied examinations that are held. Whether such procedure is altogether adequate is a legislative, and not a judicial, problem.

In *Matter of Robinson* v. *McNamara* (99 N. Y. S. 2d 840, 841, affd. without opinion 275 App. Div. 918), the court at Special Term said: "For an honest difference of opinion this court cannot intervene nor can the Supreme Court act in a general supervisory capacity over civil service examinations and substitute its judgment for that of administrative officials in matters that are not the result of unreasonable, arbitrary or capricious conduct on the part of said administrators."

In *Matter of Lynch* v. *Kern* (N. Y. L. J., Jan. 5, 1939, p. 48, col. 6, McLaughlin, J.) the petitioners urged that those answers asserted by the commission to be correct were not the only correct answers. In denying the application, the court said: "If this charge made by the petitioners is true it would not necessarily indicate any bad faith on the part of the commission. Nor would it show any arbitrary action. After all the questions and answers may be criticized or defended depending upon which viewpoint is used and what authorities are used as a basis. I do not think it is the function of the court to direct the commission as to what questions should be given and what answers should be taken as correct."

That language is particularly apt in the present case. The court has carefully examined the questions and answers in dispute herein, as well as the many quotations from authorities in the affidavits submitted by both sides. The reasons which prompted the commission in reaching its conclusions are substantiated by technical authorities. The papers reveal a conscientious effort by the commission to reach a rational basis for each answer which has been deemed "acceptable". There was no requirement here, as in *Matter of Blumenthal* v. *Morton* (273 App. Div. 497, affd. without opinion 298 N. Y. 563) to choose the "best" answer. The answers finally chosen by the commission, and which are under attack here, have been shown to be predicated upon ample professional and scientific authority. That petitioners have presented what appears to be conflicting authority merely establishes that the commission may have in some instances been faced with exercising a technical judgment. But so long as the court has been given substantial evidence of a reasonable basis for decision by the commission, its inquiry must terminate. It has neither the

power, desire, nor competence to weigh and to choose among the conflicting technical and professional opinions of experts in the field. Only where, as in *Matter of Bruno* v. *Kern* (174 Misc. 958) it appears that the overwhelming expert opinion indicates that the commission is patently wrong, will the court find that the commission has acted arbitrarily and capriciously.

The court therefore concludes that the determination of the commission had a reasonable basis, and that as to each of the disputed questions there is ample authority for its conclusions. Consequently, since no illegal, capricious or arbitrary conduct has been demonstrated, this application is denied and the petition is dismissed. Settle order.