Irving L. Levey, J.
In this article 78 proceeding petitioners urge that the Civil Service Commission be directed to reinstate a question that it had eliminated from a promotion examination *12 and, after such reinstatement, to re-rate each of their papers so as to grant them credit for the alleged correct answer and thus place them on the eligible list for promotion to the position of clerk grade IV.
This proceeding is the outgrowth of a written examination of promotion which was held on May 24,1952, after prior advertisement in the City Record.
After concluding the written test, the commission, in accordance with its regulations, published in the City Record the tentative key answers for a period of one week commencing May 28, 1952. Candidates who wished to file protest against these tentative key answers had until June 13, 1952, to submit such protests.
After numerous protests had been received the commission struck out question 51 in its entirety, as ambiguous, deeming none of the listed answers acceptable. The final key answers to the written tests were published in the City Record on three consecutive days commencing August 27,1952 and ending August 29, 1952.
The initial impediment to relief herein is the failure to challenge the commission’s determination within the four months’ period provided by section 1286 of the Civil Practice Act. Petitioners’ main contention is that they were aggrieved by the elimination of question 51 from the examination. But the final key answers to the examination questions and the decision to eliminate question 51 were published in August, 1952, and this proceeding was not commenced until August, 1953. The determination to excise question 51 is the real ruling sought to be reversed here and, in accordance with the above, the proceeding should have been commenced within four months after final publication of the key answers. (See Matter of Lennox v. McNamara, 16 Misc 2d 9, affd. 275 App. Div. 1023, motion for leave to appeal denied 276 App. Div. 757; Matter of Robinson v. McNamara, 16 Misc 2d 10, affd. 275 App. Div. 918.)
Furthermore it cannot be said that the determination of the commission to eliminate question 51 was arbitrary, in bad faith, capricious, or unreasonable. In Matter of Cavanagh v. Watson (201 Misc. 899, affd. 280 App. Div. 757, motion for leave to appeal denied 280 App. Div. 862) the court at Special Term said (p. 900): “ The power of the court to review the action of the commission in grading examination papers is properly a circumscribed one. The court does not act as a super-board of examiners in such instances. Its power is limited to overrule action which is illegal or in bad faith, or decision which is arbitrary, capricious, or unreasonable.”
*13 The action of the commission, in deciding that because of the ambiguity in subdivision B of question 51 it could not accept the answers given and, as a result it would be fair to eliminate the entire question, had a reasonable basis. That being so, further inquiry would not be justified since the court under the instant circumstances will not substitute its judgment for that of the commission delegated to perform its own functions.
The motion is denied and the petition is dismissed.
Settle order.