In the Matter of PAUL SIMONE, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, against J. EDWARD CONWAY et al., Constituting the State Civil Service Commission, Respondents-Appellants.

Third Department, May 19, 1954.

*Abraham H. Geffner* and *Paul Silverstein* for appellant-respondent.

*Nathaniel L. Goldstein, Attorney-General (J. Bruce MacDonald, Wendell P. Brown, Herman N. Harcourt* and *Raymond B. Madden* of counsel), for respondents-appellants.

*Murray Achtel, Bernard Solomon* and *Abraham Weinstein, amici curiæ.*

BERGAN, J.  In grading candidates for the civil service position of Supreme Court stenographer the State Civil Service Commission has determined that credit ratings for previous ex-

perience should be graded " according to closeness or remoteness of experience to the duties of Supreme Court Reporters ". This standard is accepted by the petitioner who contends, however, that in applying it the commission has been arbitrary and unreasonable. The list was to be established for the first, second and tenth judicial districts.

The commission gave the highest experience rating to service in a group of activities which included stenographic service in the Supreme Court itself; in the County and Surrogates' Courts; in United Nations verbatim reporting and in certain " exceptional " military or government stenographic activities.

It gave next highest experience rating to a group of activities including " Top grade U. S. Court Reporter CAF 9 ", War Crimes Trials and similar service. It gave next highest rating to a group of activities including court reporting in the Municipal Court, the City Court and Special Sessions in New York City; principal hearing stenographer in State departments and other services it regarded on the same level; and it gave the next rating to stenographic experience in a group of other public activities.

This differs somewhat in detail from the standards for training and experience to which the announcement of the examination referred but it could fall well within the broad pattern of that announcement which referred to previous experience by types of stenographic activity. The referee found that the experience standards used in rating candidates were " Obviously   *   *   * not based on closeness or remoteness to Supreme Court experience ".

This, of course, is a matter of judgment and it requires more than an arguable case to lead a court to interfere with the work of an administrator within the administrator's own special field of authority and competence. What is " closeness " and " remoteness " in relation to a particular kind of work is a matter of degree and of opinion.

It may be thought, for example, that stenographic service in New York City's Municipal Court has more " closeness " to Supreme Court reporting than verbatim United Nations reporting or reporting War Crimes trials; but that cannot be said with such certainty and finality that it may be held as a matter of law that the commission was wrong; and, indeed, a reasonable argument may be made the other way. If we admit as much as this we admit that the judicial power to change the administrative determination ought not to be exercised.

A court uses stenographers in its regular work but it is the regular work of a civil service commission to grade and select available public employees and this includes the selection of employees in technically specialized fields of service.

The commission ought not to be ruled unreasonable in the judgment it exercised in making the ratings reviewed by this proceeding even though a referee, or the court, may think that another sequence of value might be preferable or more appropriate. The responsibility for this kind of selective evaluation is vested by law with the commission and not with the court.

In an open area of judgment where reasonable men might differ the solution of a problem such as this is by a responsible administrative agency ought to be confirmed. A court ought not to supersede the judgment of experienced administrators in evaluating candidates even in a field of service closely connected with judicial work, and even though a good argument may be developed and the court might think that other evaluations should have been made.

The test is whether the determination reviewed is so unreasonable that it must not stand. We think that kind of unreasonableness is not demonstrated by the mere differences of opinion and of viewpoints developed in the record before us.

The order of the Special Term directing the commission to rerate the experience of the candidates for examination according to its views should be reversed and the determination of the commission confirmed, without costs.

FOSTER, P. J., COON, HALPERN and IMRIE, JJ., concur.

Order of the Special Term directing the respondent, Civil Service Commission, to rerate the experience of the candidates for examination according to its views reversed and the determination of the commission confirmed, without costs. [See 283 App. Div. 989; 284 App. Div. 827.]