In the Matter of PAUL SIMONE, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, against J. EDWARD CONWAY et al., Constituting the State Civil Service Commission, Respondents-Appellants.— Motion to amend order granted, and the order shall read that the reversal of the Special Term was upon the law. Foster, P. J., Bergan, Halpern and Imrie, JJ., concur. [See *ante*, p. 95.]

## FOURTH DEPARTMENT, JULY, 1954.

### (July 8, 1954.)

HARVEY J. RAYWORTH, Respondent, v. CITY OF BUFFALO, Appellant, et al., Defendant.— Judgment reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event. Memorandum: The testimony is to the effect that the flooding in plaintiff's cellar commenced on May 17, 1946 — stopped temporarily on May 20th or 21st — commenced again a few days later and flowed more or less for a period of two or three additional weeks when it was finally terminated. In the meantime at some unspecified date the water reached a depth of from a foot to eighteen inches in the cellar. Section 50-e of the General Municipal Law in effect at that time provided for the service of a notice of claim against the city within sixty days after the claim arises. The notice of claim here was served on July 23, 1946. We conclude that the notice of claim as amended is sufficient as to form and content. Plaintiff's recovery, however, is limited to damages which accrued within sixty days of the date of the service of the notice of claim — that is damages accruing on and after May 24, 1946 (*Meruk* v. *City of New York,* 223 N. Y. 271, 276; *Thomann* v. *City of Rochester,* 256 N. Y. 165). The damage proven on the trial appears to include all damage for the entire period of the flooding. The evidence does not disclose what part of the damage resulted from the first flooding or what damage was suffered later. It is impossible from the record to separate the damage which accrued prior to May 24, 1946, from that which accrued on and after May 24, 1946. The evidence is too indefinite to sustain the judgment. The judgment should, therefore, be reversed and a new trial ordered, with costs to the appellant to abide the event. All concur. (Appeal from a judgment of Erie County Court [trial before Supreme Court Official Referee] for plaintiff as against defendant city in an action to recover damages to plaintiff's property alleged to have resulted by reason of flooding.) Present — McCurn, P. J., Vaughan, Kimball and Wheeler, JJ.