In the Matter of MARTIN J. ROSS, Petitioner, against ALEXANDER A. FALK et al., Constituting the Civil Service Commission of the State of New York, Respondents.

Supreme Court, Special Term, New York County, October 7, 1955.

*Martin J. Ross,* petitioner in person.

*Jacob K. Javits, Attorney-General (Irving L. Rollins* of counsel), for respondents.

MARTIN M. FRANK, J. This petitioner participated in a written competitive promotion examination for the position of assistant special deputy clerk, Supreme Court, First Department. He complains in this article 78 proceeding of four questions and

their key answers, contending that they were unfair or incorrect or both, and that his answers were correct. He urges that the questions should be withdrawn or his answers credited and his paper re-rated accordingly. The respondents cross-move for the dismissal of the petition.

The announcement of the examination contained the following: " Scope of the Written Test. The written test will be designed to test for the following:

(1) Knowledge of legal terminology used in the Supreme Court;
(2) Knowledge of the practice and procedure in the Supreme Court, First Department;
(3) Knowledge of the Civil Practice Act, Rules of Civil Practice and other laws relating to the duties of the position."

Question number 5 follows: " An order issued by a higher court to an inferior tribunal requiring that the latter bring before the former the records of a particular case is called a
a. subpoena ad testificandum
b. writ of certiorari
c. writ of supersedeas
d. writ of judicio sisti."

The key answer designated by the commission was " b ". The petitioner answered " c ". His answer was incorrect. What remains to be determined is whether the answer selected by the commission is proper.

Respondents, in support of the key answer, refer to the fact that there issues out of the United States Supreme Court a writ of certiorari which brings to that court the record from the court in which the cause originated. While the commission is correct in that statement, it cannot be here applied. The examination was held for attendants in this court seeking promotion. The notice for examination clearly indicated that the persons eligible would be tested for knowledge of terminology, practice and procedure of this court and of the Civil Practice Act, Rules of Civil Practice and laws pertaining to the position sought. The key answer, therefore, cannot be justified upon the basis of the procedure in the United States Supreme Court. Its reasonableness must be found elsewhere.

The writ of certiorari has been abolished (Civ. Prac. Act, § 1283). The section provides that " Wherever in any statute reference is made to a writ or order of certiorari, mandamus or

658

prohibition, such reference shall, so far as applicable, be deemed to refer to the proceeding authorized by this article.'' An examination of the pertinent sections of the Code of Civil Procedure (art. Seventh), abolished and replaced by the Civil Practice Act in 1920, discloses that of the choices offered, the key answer selected by the commission is most nearly correct.

While the court may differ with the commission as to the appropriateness of all of the disputed questions, under the authorities, the judgment of the commission must prevail in the absence of proof of bad faith (*Matter of Firshein* v. *Reavy,* 263 App. Div. 490, affd. 289 N. Y. 712; *Matter of Cavanagh* v. *Watson,* 201 Misc. 899). Where the record is barren of proof of abuse of the discretion vested in the administrative body, the court may not substitute its judgment for that of the commission in the preparation of the examination or the rating of the participants (*Matter of Sheridan* v. *Kern,* 255 App. Div. 57, 59). The commission has wide discretion in the preparation and conduct of examinations with which the courts may not interfere unless the test is so unreasonable as to be palpably indefensible and improper. (*People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Matter of Davis* v. *Wiener,* 260 App. Div. 127, affd. 285 N. Y. 537).

Of the four answers provided, the key answer selected is obviously the best and in fact the only one which applies to the question. The commission therefore acted properly in its selection of the key answer (*Matter of Blumenthal* v. *Morton,* 273 App. Div. 497, 500, 501, affd. 298 N. Y. 563).

The answers selected by petitioner to the remaining questions in dispute (12, 25, 39) are also incorrect.

We cannot find that the respondents acted capriciously, arbitrarily or unreasonably. The '' ' judicial function is exhausted when there is found to be a rational basis for the conclusions approved by the administrative body ' '' (*Matter of Park East Land Corp.* v. *Finkelstein,* 299 N. Y. 70, 75).

It follows that the petitioner's application is denied and respondents' cross motion is granted. Settle order.