John L. Flynn, J.
This proceeding under article 78 of the Civil Practice Act to compel respondents to regrade petitioner’s answers and to place her name on the eligible list is denied.
The sole issue presented by the papers herein relates to whether petitioner received proper credit for her answers to an essay type examination. Petitioner asserts she should be given a passing grade since her answers to the questions were substantially correct.
There is nothing in petitioner’s proof to establish that the commission adopted incorrect or improper key answers as a standard in grading the papers. Respondents, on the other hand, reveal that the key answers contained other elements which petitioner was expected to discuss in her answers and that all of the papers were graded on the basis of the key answers. In addition respondents conclusively demonstrate that petitioner’s answers were inadequate.
Unquestionably the examiners graded the answers on an objective basis and standard. While there may be some question as to the judgment of the examiners in rating the answers, still petitioner does not establish that the respondents acted arbitrarily, capriciously or unreasonably either in adopting the answer guide or in grading the answers. Only where petitioner *162 demonstrates that the respondents are patently wrong will the courts intervene (cf. Matter of Bruno v. Kern, 174 Misc. 958).
The court cannot substitute its judgment for that of the commission in rating the papers of the candidates, especially where the respondents show a reasonable basis for their determination (Matter of Sheridan v. Kern, 255 App. Div. 57, 59). In the absence of a showing of bad faith, unreasonableness or arbitrariness on the part of the respondents, this court lacks the power to compel respondents to increase the rating of the petitioner (People ex rel. Braisted v. McCooey, 100 App. Div. 240; Matter of Cavanaugh v. Watson, 201 Misc. 899, affd. 280 App. Div. 757, motion for leave to appeal denied 304 N. Y. 986; Matter of Furman v. Marsh, 185 Misc. 209; Matter of Konieczny v. Streeter, 182 Misc. 376, appeal dismissed 51 N. Y. S. 2d 752).
Petitioner also claims that the commission improperly referred her appeal back to one of the examiners who originally graded her paper for review. While such action ordinarily would be unreasonable since the examiner would be reviewing his own actions (Matter of Quinn v. Streeter, 174 Misc. 1073), still petitioner was amply protected inasmuch as the examiner’s recommendations and the papers were thereafter reviewed by the committee on manifest errors consisting of two attorneys and the Acting Director of the Bureau of Examinations. Under these circumstances petitioner has no justifiable basis for complaint.
Petition dismissed. Settle order.