In the Matter of John C. Gray, Jr., Petitioner, *v.* John R. Niesley et al., Constituting the Nassau County Civil Service Commission, et al., Respondents.

Supreme Court, Special Term, Queens County, July 12, 1962.

*John C. Gray, Jr.*, petitioner in person. *Bertram Harnett, County Attorney,* for Nassau County Civil Service Commission, respondent. *Louis J. Lefkowitz, Attorney-General (Philip Watson* of counsel), for New York State Civil Service Commission, respondent.

Anthony M. Livoti, J. This is an application under article 78 of the Civil Practice Act for an order directing respondents, the Nassau County Civil Service Commission and the New York State Civil Service Commission (hereinafter referred to as the State Commission), "to remark, regrade and rerate the written examination papers of the Petitioner on an examination taken by him for promotion to the position of Deputy Chief Clerk, Supreme Court of the State of New York, County of Nassau," and for related relief.

The "scope of written test" set forth in the notice of this promotion examination read as follows: "The written test will be designed to test for the following: (1) knowledge of legal terminology; (2) good knowledge of the practice and procedure in the Supreme Court of Nassau County, including knowledge of the Civil Practice Act, Rules of Civil Practice and Court Rules; (3) ability to read and comprehend written material; (4) knowledge of supervisory and administrative techniques."

The examination consisted of 105 questions of the multiple-choice type. The passing grade was 75%; petitioner's was 74%, actually 74.285%, he having been credited with correct answers to 78 of the questions.

Six questions are challenged by petitioner in this proceeding, i.e., questions 40 and 46, which fall within subdivision (2) of the scope of the written test; questions 84 and 88, which fall within subdivision (3); and questions 97 and 102, which fall within subdivision (4).

Petitioner alleges that the State Commission acted arbitrarily, unreasonably and capriciously in that "It failed to include specifications of necessary information concerning conditions prevailing with relation to the questions as propounded, thereby rendering more than one of the answers furnished and from which a choice was to be made, eligible as correct answers, depending upon the missing specifications. Thus such questions were not susceptible to the selection of but one of the answers furnished as the correct answer. Therefore such questions were not truly competitive and should be eliminated from the examination and the examination should be rerated, regraded and remarked upon the basis of such eliminations."

It is true, of course, that a competitive test or examination must employ an objective standard or measure and not one

wholly subjective to the examiners. (*Matter of Fink* v. *Finegan,* 270 N. Y. 356, 361–362.) But as the court reads the petition the thrust of petitioner's argument is not that the standard or measure was one wholly subjective to the examiners — as indeed it was not — but that the questions propounded were susceptible of more than one correct answer. In this connection it must be borne in mind that " The power of the court to review the action of the commission in grading examination papers is properly a circumscribed one. The court does not act as a super-board of examiners in such instances. Its power is limited to overrule action which is illegal or in bad faith, or decision which is arbitrary, capricious, or unreasonable." (*Matter of Cavanagh* v. *Watson,* 201 Misc. 899, 900, affd. 280 App. Div. 757, motion for leave to appeal denied 304 N. Y. 986.) " Only where petitioner demonstrates that the respondents are patently wrong will the courts intervene ". (*Matter of Gilman* v. *Schechter,* 15 Misc 2d 161–162; see, also, *Matter of Robinson* v. *McNamara,* 16 Misc 2d 10, 11, affd. 275 App. Div. 918; *Matter of Bruno* v. *Kern,* 174 Misc. 958, 966.)

The key answers to questions 40 and 46 are plainly correct. (See, as to question 40, Civ. Prac. Act, § 19; and, as to question 46, Civ. Prac. Act, § 486; Rules Civ. Prac., rule 302, subd. 1; Nassau County Supreme Court Rules, rule 2, subd. [f].)

The same cannot be so flatly stated of the key answers to the four remaining questions in dispute. Understandably, however, questions designed to test the " ability to read and comprehend written material " and the " knowledge of supervisory and administrative techniques " are probably less subject to answers which are irrefutably correct than are questions designed, for example, as were questions 40 and 46, to test the " good knowledge of the practice and procedure ". That is not to say, however, that an objective standard, i.e., reason, cannot be employed to determine whether the State Commission acted arbitrarily, capriciously or unreasonably in selecting the key answers it did.

One example should suffice. In the sixteenth paragraph of his petition, the petitioner calls attention to one specific question, 97, which reads as follows:

" When an employee comes to his supervisor, obviously very upset about something, the supervisor should take the employee to a private place, and first

" A. tell the employee to go back to work, calm down, and then come back and talk it over

" B. get the employee off his subject for awhile and talk about something else

" C. ask the employee to go back to his desk and put his problem in writing

" D. say very little and let the employee talk himself out ".

The key answer to that question is D. The petitioner selected A. The court cannot say that the State Commission was arbitrary in selecting the answer it did.

Of course, the facts furnished in the question are meager. Sometimes, however, few more are available to a supervisor. Furthermore, to tell an employee who is " obviously very upset " to go back to work (answer A) would seem to be but a waste of time. Under such circumstances the average employee — and the question does not indicate he is other than that — is not likely to perform his duties in his usual manner, if at all, and whether he will calm down or become even more upset by what he may consider a new frustration is conjectural. To get him off the subject for awhile and talk about " something else " (answer B) implies that the supervisor knows what the subject is and the question simply states that the employee is obviously very upset " about something ". Moreover, this tack accomplishes no more than postponing the inevitable. To ask the employee to go back to his desk and put his problem in writing (answer C), without even ascertaining the nature of the problem, would again accomplish no more than postponing consideration of a matter which may prove relatively simple of solution, with a consequent needless waste of manpower. The key answer (D) makes the most sense from the standpoint of supervisor-employee relations, if not basic human relations, and is, indeed, indicated to be the correct answer by so much of the question as states that the supervisor " should take the employee *to a private place* and *first* " take one of the four courses of action thereinafter set forth (emphasis supplied). The course of action for which a " private place " would seem most necessary is one which would be conducive to the disclosure of a personal problem, not one in which an employee is told, in effect, " please come back later ".

The three other questions in dispute are susceptible of like analysis, and upon like analysis the key answers emerge as the best of the answers from which selection was to be made. But even if " the ' best answers ' may be somewhat controversial, nevertheless the court finds that the questions were not so indefinite and ambiguous as not to be capable of a ' best ' answer ". (*Matter of Robinson* v. *McNamara,* 16 Misc 2d 10, 11, affd. 275 App. Div. 918, *supra.*) Perhaps reasonable men might differ as to whether the key answer was in each case the best of the four possible answers, but that alone would not justify inter-

ference by this court. (Cf. *Matter of Simone* v. *Conway,* 284 App. Div. 95, order amd. 283 App. Div. 989, 284 App. Div. 827, affd. 308 N. Y. 692.)

In view of the foregoing, the court is constrained to hold that petitioner has failed to demonstrate that respondents were arbitrary, capricious or unreasonable. Under such circumstances, the petition is dismissed.