In the Matter of LEON H. LEVINE, Appellant, against JOHN E. CONNELLY, as Chairman of the State Insurance Fund, et al., Respondents.— Appeal from a final order of the Supreme Court entered in the Albany County Clerk's office on February 19, 1943, dismissing a petition for an order under article 78 of the Civil Practice Act in the nature of a mandamus to compel the State Civil Service Commission to reclassify and reallocate the position held by petitioner as senior compensation examining physician, service 7, grade 4, salary range $4,000–$5,000, to associate compensation examining physician, service 7, grade 5, salary range $5,200–$6,450, and for other incidental relief. The so-called Feld-Hamilton Law (L. 1937, ch. 859; amd. L. 1940, ch. 678; L. 1941, ch. 871) was an effort on the part of the State to allocate positions in the State civil service to appropriate salary grades in the various services. It declared: "The principle of fair and equal pay for similar work shall be followed in making the allocations provided for in this section, and all positions having the same title as approved or assigned by the classification division established by section forty-six of the Civil Service Law as added by this act shall be allocated to the same grade." From December 10, 1929, to June 1, 1939, appellant was a part-time medical assistant in the State Insurance Fund at a salary of $3,000 per annum. This position was temporarily allocated by the Temporary Salary Standardization Board to service 7, grade 3, salary range $3,120–$3,870 per annum. The Classification Board reclassified the position to senior compensation examining physician, service 7, grade 4, salary range $4,000–$5,000, which classification was based on full-time duties and responsibilities and on June 1, 1939, appellant entered on a full-time appointment to that position. An appeal was taken first to the Classification Board and then to the Civil Service Commission and in each instance denied. Appellant claims that the duties and responsibilities of his position are similar to the position of compensation examining physician, service 7, grade 5, salary range $5,200–$6,450, in the Labor Department (workmen's compensation). The Classification Board and the Civil Service Commission considered the duties and responsibilities of the various physicians in the State Insurance Fund and the Department of Labor and held a hearing on the appeals. It was decided that there should be in both the State Insurance Fund and the Labor Department, senior compensation examining physicians $4,000–$5,000 and associate compensation examining physicians, $5,200–$6,450. There seems to be some justification for the establishment of both grades in both departments and while it is difficult to find any distinction between the duties and responsibilities of appellant in the State Insurance Fund and those of the associate compensation examining physicians in the Labor Department, this does not show a clear legal right in appellant to the higher classification any more than it does that associate compensation examining physicians in the Labor Department should be reduced

in classification. This was an administrative matter with which the courts are loath to interfere. Order affirmed, without costs. All concur. [See *post*, p. 926.]