In the Matter of GERARD A. BUCKLEY, Appellant, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.— Petitioner has appealed from an order of the Albany Special Term of Supreme Court denying his application for an order to compel respondents to classify him as a senior bank examiner. Petitioner was appointed to the position of assistant bank examiner in March, 1930. He continued therein until the year 1932 when his title was changed to junior bank examiner under which title he has been employed up to the present time. His length of service as a junior bank examiner furnishes a persuasive argument that he is entitled to promotion. The State Classification Board and the Civil Service Commission conducted hearings on petitioner's application for reclassification of his position. Petitioner was given full opportunity to present the facts upon which he relied to justify reclassification. His application was denied. The language of sections 47, 48 and 48-a of the Civil Service Law vests broad powers in the board and in the commission. On the record before us we may not say that either the board or the commission acted arbitrarily or capriciously and in the absence of such proof this court may not interfere (*Matter of Levine* v. *Connelly*, 267 App. Div. 796, motion for leave to appeal to the Court of Appeals denied, 267 App. Div. 926, and 292 N. Y. 724). The order appealed from is affirmed, without costs. All concur.

ORREALIOUS CONGER, as Administrator of the Estate of GERALD CONGER, Deceased, Appellant, v. MICHAEL WARREN, Respondent.— Plantiff appeals from a judgment in favor of the defendant rendered upon a verdict of the jury in a negligence action for a wrongful death, and from the order denying his motion to set aside the verdict and for a new trial. There was sufficient evidence to support the verdict. Under the proof developed at the trial we may not say that the trial court abused its discretion in denying plaintiff's motion to amend his complaint to conform to the proof. The defendant claimed surprise and appellant's reach therein for a wider latitude of inference by the jury as to the exact place and position of his intestate at the moment of accident, appears to have had a dubious basis in the proofs as they stood at the close of the trial. And, upon the denial of his motion, plaintiff elected to proceed after indication of the allowance of a motion for the withdrawal of a juror. Order and judgment affirmed, without costs. All concur.