In the Matter of GRAFFENBURG DAIRY, INC., Respondent, against C. CHESTER DU MOND, as Commissioner of Agriculture and Markets of the State of New York, Appellant.

Third Department, June 29, 1951.

*Robert G. Blabey* and *Donald L. Brush* for appellant.

*Maurice A. Gellis* and *William H. Michaels, Jr.*, for respondent.

Coon, J. Respondent-appellant, Commissioner of Agriculture and Markets, has denied the application of petitioner-respondent for the extension of its license as a milk dealer. Petitioner-respondent brings this proceeding under article 78 of the Civil Practice Act for review of such action on the part of the commissioner. The commissioner made a cross motion, pursuant to section 1293 of the Civil Practice Act, for the dismissal of the petition as insufficient in law, and this appeal is taken from an order denying such cross motion for dismissal.

Paragraphs 1 to 6, inclusive, of the petition contain merely formal allegations as to the status of the parties and the nature of the proceedings had before the Commissioner of Agriculture and Markets. Accepting these allegations as true, there is nothing therein which alleges any illegal or improper act on the part of the commissioner, or the violation of any right of the petitioner-respondent. If the petition is to stand at all as sufficient in law entitling petitioner-respondent to a review, it must be by virtue of the allegations contained in paragraph 7 of the petition, which reads as follows: " 7. Upon information and belief that the petitioner brings this proceeding pursuant to Section 1296 of the Civil Practice Act because it believes that

the proof presented at the hearing December 6, 1949, was preponderantly against the conclusion and determination of the Commissioner and that the said determination is contrary to the weight of the evidence.''

It is nowhere alleged in the petition that there is no substantial evidence to sustain the determination of the commissioner, nor is it alleged that his action was arbitrary, capricious or contrary to the evidence. If we approach the matter realistically it would seem that such an allegation is essential. It is now the well-established case law of this State that we may not weigh the evidence taken at a hearing before an administrative agency, and that we may not review the facts to determine the weight of evidence, if there is any substantial evidence to support the determination of the agency. (*Matter of Avon Bar & Grill v. O'Connell,* 301 N. Y. 150, 153; *Matter of Burke v. Bromberger,* 300 N. Y. 248, 250; *Matter of Donahue v. Fletcher,* 299 N. Y. 227, 229; *Matter of Tompkins v. Board of Regents,* 299 N. Y. 469, 474; *Matter of Weinstein v. Board of Regents,* 292 N. Y. 682; *Matter of Miller v. Kling,* 291 N. Y. 65.)

While we would be bound to follow such a criterion if the matter were before us on the merits, in testing sufficiency we may not say that a petition is fatally defective which alleges facts which bring it within the literal provisions of section 1296 of the Civil Practice Act and contains a clear allegation that the determination is contrary to the preponderance of proof or against weight of evidence.

The petition here, however, contains no allegation that the determination is against the weight of evidence. It does not even contain an allegation on information and belief that the determination is against the weight of evidence. It is to be noted that it alleges only on information and belief that petitioner brings this proceeding because '' it *believes* that the proof presented at the hearing on December 6, 1949, was preponderantly against the conclusion and determination of the Commissioner.'' This is not an allegation of fact at all. It is merely a conclusion as to the state of mind of the petitioner. Assuming its truth, it establishes no fact. Such an allegation adds nothing to a pleading.

A motion of this kind admits, for purposes of the motion, all facts alleged and reasonable inferences to be drawn therefrom, but does not admit legal conclusions or the interpretation or construction of the pleader. (*Greeff v. Equitable Life Assur. Society,* 160 N. Y. 19; *Red Robin Stores v. Rose,* 274 App. Div. 462, 465; *Cole v. Levy,* 212 App. Div. 84, 91.)

The defects in the petition are more than technical. Stripped of this conclusion as to petitioner's belief, it wholly fails to allege facts which entitle the petitioner to the relief sought.

The order should be reversed, and the petition dismissed, with $10 costs.

FOSTER, P. J., BREWSTER, DEYO and BERGAN, JJ., concur.

Order reversed, on the law and not in the exercise of discretion, and the petition dismissed, with $10 costs.