In the Matter of RICHARD M. BUCK, on Behalf of Himself and All Others Similarly Situated, Respondent, against T. NORMAN HURD, as Director of the Budget of the State of New York, Appellant.

Third Department, December 30, 1952.

*John T. De Graff* and *John J. Kelly, Jr.,* for respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Wendell P. Brown, Solicitor-General,* and *John C. Crary, Jr.,* of counsel), for appellant.

BERGAN, J. Petitioner is employed as a carpenter at the Marcy State Hospital, a position allocated to salary grade G-8 in the State service. In that grade the maximum and minimum salary range is fixed by statute. (Civil Service Law, § 40, subd. 2.)

The petitioner and some employees in other crafts, such as asbestos workers, blacksmiths and tinsmiths, made an application to the Division of Classification and Compensation to reallocate their respective positions to salary grade G-9 which has a higher salary range.

The organization and powers of this division are provided by section 38 of the Civil Service Law. The director of the division shall have power " to classify and reclassify all positions in the classified civil service " and " to allocate and reallocate to an appropriate salary grade " all such positions with exceptions not material here (§ 38, subd. 2, par. b).

On May 18, 1950, the Director of the Division of Classification and Compensation made a determination that petitioner's title and those similarly situated be reallocated from grade G-8 to grade G-9.

For the purposes of this appeal we will regard the action of the director as a determination in pursuance of the statute, because that is the way the pleading states it. If the petition is read with the documents attached to it, however, the director seems to have " recommended " a reallocation to the Director of the Budget rather than to have made one himself.

The statute further provides (§ 39-a) under the subdivision heading " effective date of classification and allocation " that any reallocation of a position to a salary grade made by the Director of the Classification and Compensation Bureau " shall become effective " at the beginning of the fiscal year " following approval by the director of the budget ".

The Director of the Budget on March 31, 1951, disapproved the reallocation of petitioner's position made May 18, 1950. Petitioner seeks an order requiring the Director of the Budget " to forthwith approve " the determination of the Director of the Classification and Compensation Division reallocating the positions here involved. The court at Special Term has denied a motion to dismiss the petition. We think the petition ought to be dismissed.

It is alleged that the action of the appellant in disapproving the determination of the Director of the Classification and Compensation Division was " arbitrary, capricious, unreasonable

and without foundation in fact or law ", but, of course, those words, like " wrongfully " or " fraudulently " in a pleading, have vitality only when they are pinned close to the skin of palpable facts.

To assume, as the Special Term did, that a triable issue exists, some factual statement from which the issue to be tried can be foreseen must be ascertainable when the pleading is read. All the actual facts that appear are that the Director of Classification and Compensation for a good and sound reason made the reallocation within the frame of his powers, and that the Director of the Budget disapproved without stating his reasons.

The reasons given for the reallocation by the Director of Classification and Compensation seem perfectly fair and logical to us. It does not require a trial of the issues to establish that. We accept it in giving the pleading the benefit of the favorable factual inferences to which it is entitled. He felt that the work of the petitioner was very similar to that of other mechanical and building trades employees already in the higher salary grade and that they ought all to be put on the same footing.

If the heavy weight of logic and justice moved along with that determination, it would still not entitle a court to require the Director of the Budget also to think the same way and act conformably. The reallocation would become " effective ", so the statute runs, at the beginning of the fiscal year " following approval " by the Director of the Budget. The statute does not impose a duty to approve an allocation made by the Director of Classification and Compensation, or to tell a court good reasons for a failure to approve.

The act of disapproval by one officer having power to make effectiveness of another officer's determination depend on approval is not arbitrary by the naked fact of disapproval alone. A difference between them does not invite judicial intervention and that kind of difference is all that is shown in the petition before us.

We have already held that the power of the Director of the Budget under the words of section 39-a, providing that an allocation of position " shall become effective on the first day of the fiscal year following approval by the director of the budget " includes by necessary implication the power to disapprove an allocation as well as to approve one. (*Matter of Cook* v. *Burton,* 276 App. Div. 808 [1949].)

The duty of the Director of the Budget is to help keep in balance the financial resources and financial commitments of

the State. We see no necessity imposed upon him by the statute to explain by his answer the processes by which he has determined the fiscal problem which the Legislature has given him where the petition on its face does not show facts which would, if established on a trial, require him to make the determination which petitioner seeks.

The order should be reversed and the petition dismissed, with costs.

FOSTER, P. J., BREWSTER and HALPERN, JJ., concur.

Order reversed, on the law and facts, and petition dismissed, with $50 costs.