In the Matter of JOHN E. LEARY et al., on Behalf of Themselves and Others Similarly Situated, Petitioners, against T. NORMAN HURD, as Budget Director of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, January 30, 1953.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown, Solicitor-General, Herman N. Harcourt* and *J. Bruce MacDonald* of counsel), for respondents.

*William J. Rooney* for petitioners.

TAYLOR, J. Petitioners seek an order pursuant to article 78 of the Civil Practice Act " directing the respondent, T. Norman Hurd, to cancel and annul the determination hereinbefore made that it is ' impractical ' to apply the provisions of Section 41-a of the Civil Service Law of the State of New York to the positions held by the Petitioners and others similarly situated." They seek further relief against the remaining respondents of a nature to give effect to the paramount determination which is sought. Respondents have moved to dismiss the petition upon the ground that it fails to set forth facts sufficient to warrant the relief demanded or any relief. Of course, the motion admits " all facts alleged and reasonable inferences to be drawn therefrom, but does not admit legal conclusions or the interpretation or construction of the pleader." (*Matter of Graffenburg Dairy* v. *Du Mond,* 278 App. Div. 428, 430.)

Petitioners are policemen of the Long Island State Park Commission and civil service employees of the State of New York. Their grievance is that the director of the budget has excluded their positions from the forty-hour work week and the overtime compensation provisions of section 41-a of the Civil Service Law. That law, in substance, provides that the work week for State employees other than those excluded pursuant to rules

and regulations promulgated by the Director of the Budget shall not be more than forty hours and that employees who are required to work more than forty hours in any week shall receive overtime compensation or time off in lieu thereof.

Subdivision 4 thereof reads as follows: " 4. The director of the budget shall promulgate, and may from time to time amend or rescind, rules and regulations for carrying into effect the provisions of this section. Such rules and regulations, among other things, may classify and define positions and employments for the purposes of this section, and otherwise provide appropriate formulas for determining overtime compensation as herein provided. Such rules and regulations may exclude any title or individual position or positions, when the nature of the duties performed or the difficulty of maintaining adequate time controls makes it impracticable to apply to such title or individual position or positions the provisions of this section which prescribe a work week for basic salary and provide for overtime compensation or compensating time off in lieu thereof."

On April 1, 1952, the Director of the Budget promulgated rules and regulations for the payment of overtime compensation pursuant to the statute as amended by chapter 314 of the Laws of 1952 which provided for prior approval of the director before overtime compensation could be paid, the manner in which the request therefor should be made, the formula for computing it, the time when it should be paid and by paragraph VI thereof as follows: " Positions to which overtime allowance does not apply.— In requesting and issuing certificates of approval for overtime the following positions or type of positions shall be excluded from allowances for overtime compensation: 1. The head of every department, institution or other State agency and the head and members of boards and commissions. 2. All deputies and equivalent positions, and supervisory personnel in administrative positions. 3. All positions for which adequate time records are not maintained. 4. All positions wherein the nature of the work and responsibilities make it impracticable to establish a maximum number of working hours per week including employees engaged in field work. 5. All part-time employees." (See Civ. Prac. Act, § 344-a, subd. 4.)

In response to the request of the petitioners to have the basic provisions of the statute applied to their positions, the Director of the Budget wrote: " All phases of the problem of hours of work have been carefully considered. In reviewing the problem this Spring, I concluded that the nature of the work and respon-

sibilities make it impracticable to establish a maximum number of working hours per week for such park patrolmen."

To find that a triable issue exists " some factual statement from which the issue to be tried can be foreseen must be ascertainable when the pleading is read." (*Matter of Buck* v. *Hurd,* 281 App. Div. 115, 117.) All the facts that this petition alleges are that the Director of the Budget promulgated rules and regulations for carrying into effect the provisions of section 41-a of the Civil Service Law with the appropriateness for the implementation of the statute of one of which the petitioners disagree. The administrative officer was within the periphery of his powers in promulgating the rules and regulations. A difference of opinion as to what the rules and regulations should be — indeed even the suggestion by the petitioners of a better set — would not invite judicial intervention. (*Matter of Pollak* v. *Conway,* 276 App. Div. 435.) It is alleged that the application of the forty-hour week to the petitioners' positions and the payment of overtime compensation to them are " not impractical " and are " consistent with the legislative declaration of policy." Such are the legal conclusions of the pleader only and raise no triable issue of fact. (*Matter of Graffenburg Dairy* v. *Du Mond, supra.*) Allegations that the determination of the Director of the Budget was " arbitrary, capricious, unreasonable and unlawful " and " without warrant in the record or reasonable basis in law " " have vitality only when they are pinned close to the skin of palpable facts." (*Matter of Buck* v. *Hurd, supra,* pp. 116–117.) The required nexus is not supplied by pleading the refusal of the administrative officer to accede to the requests of the petitioners or of the head of their department to apply to their positions the beneficial provisions of the statute. An adverse determination alone where the officer acts within the frame of his discretionary powers does not establish arbitrariness, caprice, lack of warrant in the record or reasonable basis in the law. I do not think that formal or specific findings of fact had to be made by the director.

Giving the allegations of the petition every benefit to which they are entitled on a motion such as this, they present no issues of fact which require a trial for resolution. It follows that the petition must be and is dismissed, without costs.

Submit order accordingly.