Benedict D. Dineen, J.
Pursuant to article 78 of the Civil Practice Act the petitioners seek to annul and vacate a determination made by the respondents creating the position of assistant deputy warden, in the Department of Correction and to restrain respondents from certifying eligibles on the list for deputy warden for appointment to the position of assistant denuty warden and in connection with the above other incidental relief. The petitioners are captains in the uniformed force of the Department of Correction. They successfully competed in a promotional examination for the position of deputy warden in which examination only captains were eligible to participate. After a list was promulgated the Department of Personnel created a new position of assistant deputy warden to which position the candidates were certified from the list for deputy warden. In classifying and reclassifying positions the City Civil Service Commission possesses broad powers and their discretion will not be disturbed in the absence of any illegality or by any action which may be deemed arbitrary or capricious (Matter of Buckley v. Conway, 270 App. Div. 1066; Matter of Kornbluth v. Reavy, 261 App. Div. 60).
*520 The newly created personnel director was given authority to study and make recommendations in classifying positions and to submit such recommendations to the Mayor, Board of Estimate and Civil Service Commission. (L. 1954, ch. 354.) The Administrative Code of the City of New York (§ 623 [4]-5.2, subd. b) provides that the uniformed force shall be altered only by the creation of new positions and that the list shall be promulgated as a result of a promotion examination in which only the members of the uniformed force are eligible. The composition of such uniformed force makes reference to “ Captains and all supervising officers ”. There can be little doubt that the deputy warden is one who exercises supervisory duties and it must follow that one who is an assistant deputy warden possesses like power even if in a lesser degree. Authority for creating the new position of assistant deputy warden is further confirmed by section 11 of the Civil Service Law. No list having been promulgated for the newly created position of assistant deputy warden, appointments are required from the eligible list most nearly appropriate for the group in which the position to be filled is classified. (Civil Service Law, § 14.) It is untenable to argue that the list of candidates who passed the examination for deputy warden is not the most nearly appropriate from which candidates can be certified to positions of assistant deputy warden. Not only is it ranked higher than captain but it commands a greater salary and besides the certification does not destroy the appointee’s eligibility for later certification. In the absence of fraud, bad faith, illegality or arbitrariness the respondents are justified in their actions under the circumstances (Matter of Tjersland v. Brennan, 124 N. Y. S. 2d 333).
The petition is dismissed.