**46**

In the Matter of HERBERT L. SCHWARTZ, Individually and as Group Representative of Other Junior Attorneys Similarly Situated, Appellant, against ALEXANDER A. FALK et al., Individually and as Members of the State Civil Service Commission, et al., Respondents.

In the Matter of ALBERT L. KLEIGMAN, Individually and as Group Representative of Other Attorneys Similarly Situated, Appellant, against ALEXANDER A. FALK et al., Individually and as Members of the State Civil Service Commission, et al., Respondents.

Third Department, December 19, 1957.

*Monroe I. Katcher, II,* for appellants.

*Louis J. Lefkowitz, Attorney-General (J. Bruce MacDonald* and *John R. Davison* of counsel), for respondents.

*Albert R. Connelly* and *Robert M. Benjamin* for the Association of the Bar of the City of New York, *amicus curiæ.*

*Paul Reed Taylor* for New York State Bar Association, *amicus curiæ.*

*Per Curiam.* Petitioners occupy the State civil service positions of junior attorney and attorney, respectively. They maintain this proceeding against the respondents in their own names and for others similarly situated to review the salary grade allocations of their positions. The allocations were made in pursuance of chapter 307 of the Laws of 1954, by the director of classification and compensation. (Civil Service Law, § 38; cf. *Matter of Buck* v. *Hurd,* 281 App. Div. 115.)

Junior attorney was placed in grade 14 ($4,130–$5,200) and attorney in grade 18 ($5,090–$6,320). Among other positions placed in grade 14 were: junior psychiatrist, junior budget examiner, junior administrative assistant; among those placed in grade 18 were: senior librarian, senior chemist, senior accountant, senior economist.

The positions of junior architect and junior engineer, which before the allocations under the 1954 statute were in the same grade as junior attorney, were, on reallocation, placed in a higher grade, i.e., grade 15 ($4,350–$5,460) and architect and engineer were placed in a higher grade than attorney, i.e., grade 19 ($5,360–$6,640).

Among other things, it is argued by petitioners that since attorneys are required to undergo a longer period of education and preparation than architects or engineers and have at least equal professional status and economic position, these allocations are arbitrary and discriminatory and run against the purpose of the Civil Service Law of " equal pay for equal work " (§ 37), of " fair and equal pay for similar work " (§ 38, subd, 2) and of the expressed purpose of the 1954 amendment to correct " existing inequities " (§ 1).

But the respondents contend that the allocations were based on their judgment of recruitment and availability of trained specialists for the civil service and that the differences in grade are justifiable on the merits as a matter of sound administrative judgment. A ground for judicial interference has not been demonstrated. The mere possibility that the court might be of opinion a different allocation ought to have been made of the positions in controversy would not warrant a direction to administrative officers to make such an allocation. (*Matter of Buckley* v. *Conway,* 270 App. Div. 1066; cf. *Matter of Hotaling* v. *Hurd,* 4 A D 2d 339.)

What is shown here is that it is arguable whether the difference in grades should have been made and such a record requires acceptance of the administrative judgment if due regard has been had of legal rights in the procedures followed. We think the statute has been followed according to its terms.

After the position allocations had been made, petitioners made application upon fully documented petitions to the Classification and Compensation Division of the Civil Service Department for reallocation of the positions; a hearing was held on due notice and petitioners presented. their proof and argument before the designated hearing officer who made a report recommending reallocation in accordance with the application.

This recommendation was disapproved by the director of classification and compensation. Notice of this adverse action was duly given petitioners; but reasons for the determination were not stated; and petitioners thereupon appealed to the Classification and Compensation Appeals Board (Civil Service Law, §§ 11, 43).

Written evidence and argument in support of their appeals was offered and received, but the board refused to allow oral argument or take oral proof. It thereafter affirmed the determination of the director; refused to reconsider its determination; and the Civil Service Commission has refused to entertain further applications made to it to review the appeal board's decision. No grounds were stated in the decision. These are the determinations reviewed here.

We think due regard for statutory process of review has been accorded petitioners. Oral presentation of the case before the director or the appeal board is not required by the statute; nor does the statute confer authority on the Civil Service Commission to review such a determination. The provisions of section 43 which govern appeals in grade allocation controversies were followed literally and exactly.

Petitioners were afforded full opportunity to develop their case before the hearing officer and fully to present in written form material in review. This is not a review of a quasi-judicial determination requiring findings, such as, for example, *Matter of Jackson* v. *Rohan* (1 A D 2d 89) or *Matter of Moudis* v. *Macduff* (286 App. Div. 485). The issue involves a matter of internal administrative decision and action in allocation of positions within the State Government. If the procedures set up by law have been followed and reasonable justification for the determination is demonstrated on judicial review, the decision will be left by the court where the statute puts it, in the hands of the civil service officers and reviewing board.

The order dismissing the proceeding should be affirmed, without costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Order affirmed, without costs.