Donald S. Taylor, J.
The respondent board is a temporary commission originally created by chapter 346 of the Laws of 1949 for the purposes, among others, of performing and exercising all of the jurisdiction, functions and powers possessed by and all of the duties of the State Tax Commission, the State Board of Equalization and the Department of Taxation and Finance pertaining to or connected with the determination of rates of equalization. Its continued existence to April 1, 1959 has been provided by subsequent legislation.
Article 2-A of the Tax Law provides for the establishment of State equalization rates. Section 49-a thereof provides that upon final completion of an assessment roll of each town the board shall inquire into and ascertain as near as may be the percentage of full value at which taxable real property in the town is assessed on the assessment roll and shall establish a final rate of equalization for such roll. The article further requires that after establishing a tentative rate of equalization, notice in writing shall be given to each town stating, in substance, the making of such a determination, the rate fixed for the municipality affected and the time when and the place where the board will meet to hear and determine any complaint concerning it. Thereafter, the board must ascertain and fix the final rate for the municipality. (Tax Law, § 49-c.) In ascertaining the basis of assessment of real property the board may, in its discretion, take testimony and hear proof under oath or otherwise and may avail itself of information on the subject appearing of record in its office and of all other information which it may require in the discharge of its duties. It is empowered to employ persons to procure such information.
Under date of November 30, 1956 the respondent board gave notice to the petitioner that it had determined the tentative rate of equalization for the Town of West Turin at 23%. Thereafter the petitioner caused a written complaint, specifying its objections to the rate announced in the notice, to be served in the manner specified by the statute. Its supervisor and attorney appeared before the board, orally presented the petitioner’s position in respect to its objections to the tentative action of the respondent and submitted a written memorandum in support thereof. Essentially, the crux of its complaint centered in the appraisal of the properties of the Gould Paper Company which the respondent board fixed at $1,939,500 and which had been assessed on the town assessment roll in the sum of $816,000. Thereafter, the respondent board ascertained and fixed the final rate of equalization for the petitioner at 27 % for the year 1956 and increased the tentative rate accordingly.
*685 To review, annul and set aside that determination on the ground that the formula which the hoard used in evaluating the Gould properties was erroneous and arbitrary this proceeding has been instituted pursuant to article 78 of the Civil Practice Act.
The respondents, inter alia, raise the objection in point of law that the petition does not state facts sufficient to entitle the petitioner to the relief demanded. Upon such a procedural attack all facts alleged in the petition and the reasonable inferences to be drawn therefrom but not the legal conclusions of the pleader are deemed admitted. (Matter of Graffenburg Dairy v. Du Mond, 278 App. Div. 428, 430.) On the other side of the coin “ some factual statement from which the issue to he tried can be foreseen must be ascertainable when the pleading is read.” (Matter of Buck v. Hurd, 281 App. Div. 115, 117, aft'd. 307 N. Y. 730.)
Upon the final completion of the assessment roll’of the petitioner for 1956, the respondent board had the duty to inquire into and ascertain as near as possible the percentage of full value at which taxable real estate was assessed thereon and to establish a final rate of equalization for such roll. (Tax Law, § 49-a.) Equalization rates so fixed in the cities, towns and villages of the State are used for 21 statutory purposes. (See, e.g., Education Law, § 3602.) In this instance the discharge of the board’s mandated functions entailed the ascertainment of the fair market value of the Gould parcel. The petitioner alleges that the employment by the board of the formula of replacement cost less depreciation in appraising the value of the improvements thereon was arbitrary and produced a result which was capricious and unlawful.
In assessing an improvement upon real estate for tax purposes the method which the petitioner claims the respondent board used has long been recognized by the courts as an appropriate and suitable one. (Matter of Huie, 2 N Y 2d 168,172-173 ; Matter of Semple School for Girls v. Boyland, 308 N. Y. 382, 388-389; People ex rel. Hotel Paramount Corp. v. Chambers, 298 N. Y. 372, 375; People ex rel. Parklin Operating Corp. v. Miller, 287 N. Y. 126, 130; People ex rel. Manhattan Square Beresford v. Sexton, 284 N. Y. 145,149; People ex rel. New York Stock Exch. Bldg. Co. v. Cantor, 221 App. Div. 193, affd. 248 N. Y. 533.) A mere difference of opinion or viewpoint between public authorities charged with the duty of determining the value of real property for use in different phases of the taxation process as to which of several permissible formulas should be employed in arriving at the evaluative result is insufficient *686 to invite judicial interference. (Matter of Marburg v. Cole, 286 N. Y. 202; Matter of Simone v. Conway, 284 App. Div. 95, affd. 308 N. Y. 692; Matter of Cavanagh v. Watson, 201 Misc. 899, affd. 280 App. Div. 757, motion for reargument or leave to appeal denied 280 App. Div. 862, motion for leave to appeal denied 304 N. Y. 986.) The Legislature has given the State board the responsibility for determining the State equalization rate in each of the 62 cities, 541 villages and 932 towns in the State and has accorded it wide discretion in the performance of its task. Allegations that the determination sought to be reviewed is “ capricious ” and “ unlawful ” — conclusory words which “have vitality only when they are pinned close to the skin of palpable facts ” (Matter of Buck v. Hurd, 281 App. Div. 115, 117, supra) — because the local authorities disagree with the end result which the proper application of a recognized method of appraisal produced raise no triable issues of fact. (Matter of Leary v. Hurd, 203 Misc. 826, affd. 284 App. Div. 1086; Matter of Simone v. Conway, supra; Matter of Buck v. Hurd, supra.)
This conclusion renders it unnecessary to consider the other objections in point of law to the petition which the respondents raise.
Accordingly, the petition is dismissed on the merits, without costs.
Submit order.