Ellis J. Staley, Jr., J.
This is a proceeding under article 78 of the Civil Practice Act instituted by the Parole Officers of the State of New York for an order compelling the respondents to pay compensation for overtime work which they have performed without compensation or to permit them to take equivalent time off in lieu of cash compensation for such overtime.
The petitioner further .seeks to set aside the Rules of the Division of Parole effective July 21, 1961 which excluded petitioner from overtime compensation or compensatory, time off and to reinstate the petitioner’s right to earn overtime credits pursuant to section 134 of the Civil Service Law.
Section 134 of the Civil Service Law provides that the work week for certain State officers and employees receiving basic annual salaries shall not be more than 40 hours per week and further provides for rules to determine overtime compensation. Subdivision 4 of that section provides as follows: ‘ ‘ The
director of the budget shall promulgate, and may from time to time amend or rescind, rules and regulations for carrying into effect the provisions of this section. Such rules and regulations, among other things, may classify and define positions and employments for the purposes of this section, and otherwise provide appropriate formulas for determining overtime compensation as herein provided. Such rules and regulations may exclude any title or individual position or positions, when the nature of the duties performed or the difficulty of maintaining adequate time controls makes it impracticable to apply to such title or individual position or positions the provisions of this section which prescribe a work week for basic salary and provide for overtime compensation or compensating time off in lieu thereof. ’ ’
Pursuant to the statutory authority provided in section 134 of the Civil Service Law, the Budget Director adopted rules for payment of overtime compensation in memoranda issued on April 1,1956, May 9,1957, September 25, 1957 and May 27,1958. (9 NYCRR 135.6, subd. [c].)
Each of the aforesaid rules, as promulgated by the Division of the Budget, provides as follows:
*818 “ The following positions or type of position shall be excluded from allowances for overtime compensation or compensatory time off: * * *
“ (c) All positions for which adequate time records are not maintained.”
On October 24, 1956 the Civil Service Commission, with the approval of the Governor, adopted “Attendance Rules for Employees in New York State Departments ” which provided for a basic work week of 40 hours for annual salaried employees of State departments, agencies and institutions, other than employees excluded from the application of overtime compensation under the Rules of the Division of the Budget. Such attend,/ance rules were filed with the office of the Secretary of State and became effective on January 3,1957.
On December 4, 1956 the Division of Parole submitted to the Department of Civil Service proposed rules to govern the computation of overtime in the Division of Parole which rules were approved by the Department of Civil Service on January 19, 1957. On June 15, 1961 the Division of Parole submitted proposed amendments to its rules governing overtime for employees within the Division of Parole which purported to exclude Parole Officers of the State of New York from the right to earn overtime credits. These amended rules were approved by the Department of Civil Service on July 21, 1961, but said rules have not been approved by the Governor or filed in the office of the Secretary of State or the Director of the Budget.
The amended rule of the Division of Parole provided under Rule 1-2 Record of Attendance as follows:
* ‘ Employees in the following positions will be exempted from the requirement of maintenance of daily time records showing actual time of arrival at and departure from duty in the morning, at noon, and at close of business.
‘ ‘ Parole Officer Sg-16
“ The persons employed in the above titles have responsibilities which preclude their working at all times on a regular time schedule. ’ ’
The Attendance Rules as promulgated by the Department of Civil Service provides in subdivision 4 of rule 1 as follows: “ The appointing authority shall establish and publish rules governing the computation of overtime, including * * * employees eligible to accumulate overtime credits * * *. Such rules and amendments thereto shall take effect upon approval by the Department of Civil Service ”.
The promulgation of the Attendance Rules empowers the appointing authority to compute overtime and to exclude certain *819 employees falling within the classifications as provided in the rules of the Director of the Budget. While the Director of the Budget defined certain general guides as directed by section 131 of the Civil Service Law, the appointing authority with its unique knowledge of the positions and the duties required by the employees could make specific determinations consistent with the rules made by the Director of the Budget.
Pursuant to the authority provided for by the Attendance Rules the Division of Parole has excluded the position of Parole Officer from those eligible to accumulate overtime credits as employees falling within the category of paragraph 6 of the Budget Director’s rule for the payment of overtime compensation. That exclusion was a proper exercise of the power of the Division of Parole and was in compliance with the Budget Director’s rules and the Rules of the Civil Service Commission.
It should be noted that since the commencement of this proceeding, the Rules of the Budget Director governing the computation of overtime compensation have been extensively revised effective as of May 1, 1963. (9 NYCRB 135.)
The revised rules provide in section 135.2 that each appointing officer shall submit to the Director of the Budget for review and approval a list of all titles in his department proposed to be ineligible to earn overtime credits and further that the Director of the Budget shall make the final determination of which titles shall be ineligible to earn overtime credits. There was no comparable requirement in existence during the time covered by the petition under review, but it is the court’s opinion that strict compliance with rule 135 promulgated by the Director of the Budget as of May 1, 1963 must be made at the present time to effectively eliminate a title and position from eligibility for overtime credits.
The petitioner further alleges that the action of the Division of Parole was arbitrary, capricious and unreasonable. There are no allegations of fact in the petition which, if true, would establish that the rules enacted by the Division of Parole were arbitrary, capricious or unreasonable. The law requires that the petition “ contain a plain and concise statement of the material facts on which the petition relies.” (Civ. Prac. Act, § 1288.)
There being no allegations of fact that would establish the basis for a conclusion that the rules are arbitrary, capricious or unreasonable, the petitioner has failed to set forth facts sufficient to entitle him to the relief sought. (Matter of Buck v. Hurd, 281 App. Div. 115.)
*820 The petitioner has further alleged that the failure of the Civil Service Commission to file the Buies of the Division of Parole with the Secretary of State is contrary to section 8 of article IV of the New York State Constitution which provides as follows: “ No rule or regulation made by any state department * * * except such as relates to the organization or internal management of a state department * * * shall be effective until it is filed in the office of the department of the state.”
The purpose of that provision of the Constitution is to provide for proper notice to citizens of the State who have occasion to do business with the State departments and to provide that there shall be one common place, namely, the Department of State where the rules and regulations of the State departments, as distinguished from the internal management of those departments, shall be on file. The constitutional provision was enacted for the protection of the public generally and was not intended as a guarantee for public notice to employees of the various departments of the State. (Revised Record of New York State Constitutional Convention, 1938, vol. 2, p. 1429; People v. Cull, 10 N Y 2d 123; People v. Calabro, 7 Misc 2d 732.)
The petition is, therefore, dismissed.