■ In the Matter of ALBERT FOSTER et al., Appellants, v. T. NORMAND HURD, as Director of the Budget of the State of New York, Respondent.— Appeal from an order of the Supreme Court, Albany County, dismissing appellants' petition in a proceeding brought pursuant to article 78 of the Civil Practice Act to review a determination of the State Director of the Budget disapproving certain salary increases resulting from reallocation of titles and salary grades made by the Civil Service Commission. Appellants, employees of the Department of Correction, were granted a salary reallocation and an upgrading of their job titles by the Civil Service Commission. In accordance with section

121 of the Civil Service Law this determination was forwarded to the Director of the Budget for his approval. When the Director refused approval, appellants brought the instant proceeding alleging that they were not afforded a hearing before the Director of the Budget, that the Director's decision was not in writing and thus not reviewable and that the Director's refusal was arbitrary because it was not based on fiscal considerations. We can find no statutory authority which mandates that the Director of the Budget hold hearings regarding salary allocations (see Civil Service Law, § 121; Executive Law, § 180). Nor, since the Director's determination is based on legislative facts concerning the fiscal policy of the State rather than adjudicative facts, is one required (cf. Davis, Administrative Law Treatise, §§ 7.02, 7.11). Appellants' contention that the Director must explain his reasons for failure to approve a salary allocation was expressly refuted by this court in *Matter of Buck* v. *Hurd* (281 App. Div. 115, affd. 307 N. Y. 730). There we stated explicitly: " The statute does not impose a duty to approve an allocation made by the Director of Classification and Compensation, or to tell a court good reasons for a failure to approve. The act of disapproval by one officer having power to make effectiveness of another officer's determination depend on approval is not arbitrary by the naked fact of disapproval alone. A difference between them does not invite judicial intervention and that kind of difference is all that is shown in the petition before us. We have already held that the power of the Director of the Budget under the words of section 39-a providing that an allocation of position ' shall become effective on the first day of the fiscal year following approval by the director of the budget' includes by necessary implication the power to disapprove an allocation as well as to approve one. (*Matter of Cook* v. *Burton*, 276 App. Div. 808 [1949].) The duty of the Director of the Budget is to help keep in balance the financial resources and financial commitments of the State. We see no necessity upon him by the statute to explain by his answer the processes by which he has determined the fiscal problem which the Legislature has given him where the petition on its face does not show facts which would, if established on a trial, require him to make the determination which petitioner seeks." (281 App. Div. 115, 117–118, *supra*.) Appellants have produced nothing which would indicate that the Director's disapproval was arbitrary or capricious (see *Matter of Cook* v. *Burton*, 276 App. Div. 808). Order affirmed, without costs. Gibson, P. J., Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.