INGALLS IRON WORKS COMPANY, Appellant, v. FEHLHABER CORPORATION et al., as Individual Corporations and as Members of a Joint Adventure Known as FEHLHABER-TERRY, et al., Respondents. (Actions Nos. 1 and 2.)

Third Department, December 13, 1967.

*McChesney & Kenney (C. V. Stelzenmuller* of counsel), for appellant.

*Norton, Sacks, Molineaux & Pastore (Charles B.. Molineaux, Jr.,* of counsel), for Fehlhaber Corporation and another, respondents.

*I. J. Ginsberg* for Terry Contracting, Inc., respondent.

*Louis J. Lefkowitz, Attorney-General (Ruth Kessler Toch* of counsel), for People of the State of New York, respondent.

GABRIELLI, J. These appeals are from orders entered in the Supreme Court, Albany County, dismissing the complaints and vacating and discharging notices of liens.

On April 8, 1960, the State awarded the general contract for a highway improvement project denominated Interstate Route Connection 512-Gowanus Expressway, to respondents Fehlhaber Corporation and Terry Contracting, Inc., as joint venturers known as Fehlhaber-Terry. In the course of the work, appellant supplied certain steel for use on the project. On June 10 and June 28, 1965 (and amended on July 24, 1965) appellant, alleging it had not been paid for some of the materials furnished, filed and served notices of mechanics' liens pursuant to section 12 of the Lien Law, upon the Comptroller of the State of New York, the Department of Public Works and respondents. In

November, 1965, these actions were commenced to foreclose the public improvement liens and, upon motions made by these respondents pursuant to CPLR 3211 (subd. [a]), the complaints were dismissed and the liens vacated and cancelled. The sole issue relates to the timeliness of the filing of the notices of liens.

Section 12 of the Lien Law provides, in pertinent part that: "At any time before the construction * * * of a public improvement is completed and accepted by the state * * * and within thirty days after such completion and acceptance, a person performing work for or furnishing materials to a contractor * * * may file a notice of lien with the head of the department or bureau having charge of such construction * * * and with the comptroller of the state".

Special Term has correctly determined that the liens were not timely filed as the work on the project was completed on September 29, 1964 and the State had " accepted " the public improvement on December 28, 1964 by the formal letter of the Deputy Chief Engineer of the Department of Public Works. Appellant erroneously claims that the improvement was not effectively accepted by the State on the ground that the Deputy Chief Engineer had no legal authority to do so and, as a consequence thereof, its notices of lien were properly filed.

We cannot agree that the delegation of authority to accept improvements is limited to *State* highways as distinguished from *interstate* highways. There is ample authority for acceptance of the improvement under section 44 of the Highway Law. Section 340-b thereof gives additional support for this conclusion wherein it is provided that: " 6. All the provisions of this chapter relating to state highways and state arterial highways and not inconsistent with the provisions of this section or with the provisions of the federal-aid highway act of nineteen hundred fifty-six, shall apply to the construction or improvement and the control of maintenance of interstate highways in the same manner as though they were designated as state highways or arterial highways."

The authority granted to the Superintendent of the Department of Public Works to accept these public improvements, pursuant to section 44 of the Highway Law, was specifically and properly delegated to the Deputy Chief Engineer by the superintendent's Official Order No. 531 which was duly filed with the department under the authority set forth in section 11 of the Public Works Law wherein it is provided that " the superintendent may, by official order filed with the department, delegate any of his powers to or direct any of his duties to be performed by * * * a deputy chief engineer ". Appellant's contention

that section 8 of article IV of the New York State Constitution renders the order ineffectual because it was not also filed with the Department of State, is not well founded for the order comes within the exception mentioned in the constitutional provision wherein it provides that such filing is unnecessary when the order " relates to the organization or internal management of a state department ". (See *People* v. *Fogerty,* 18 N Y 2d 664; *Weisz* v. *Oswald,* 39 Misc 2d 816.) The delegation of authority to the Deputy Chief Engineer was not the type of pronouncement dealing with the exercise of the department's legislative or quasi-legislative power to which the constitutional provision is directed, nor was it of such a nature that it affected or imposed burdens upon the public generally within the construed meaning of the provision, as it was purely a designation of authority within the agency's organizational structure. The official order with which we are here concerned clearly and plainly relates to the internal operation of the Department of Public Works and, as such, formed the basis of a valid acceptance of the improvement within the purview of section 44 of the Highway Law.

No duty was cast upon respondents to advise the appellant of the acceptance of the improvement by the State, nor do the facts lend any substance to appellant's argument that respondents are estopped from making a claim of untimely filing. In any event, the notices of liens could have been filed at any time after the initial delivery of the steel in 1960 up to the 30-day period provided by section 12 of the Lien Law without prejudicing any of its rights. We have examined the other contentions advanced by appellant and find them without merit.

The orders should be affirmed.

GIBSON, P. J., HERLIHY and AULISI, JJ, concur.

Orders affirmed, with one bill of costs to respondent Fehlhaber-Terry.