In the Matter of WILLIAM FRIEDMAN et al., Appellants, v ALBERT D'ANTONI, as Chairman and Administrative Head of the Workmen's Compensation Board of the State of New York, et al., Respondents.

Third Department, December 11, 1975

*DeGraff, Foy, Conway & Holt-Harris (John T. DeGraff, Algird F. White, Jr.,* and *Robert H. Iseman* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan, Ruth Kessler Toch* and *William C. Robbins* of counsel), for respondents.

HERLIHY, P. J. It is not disputed that in December of 1974, each of the petitioners was *duly* appointed to the position of workmen's compensation referee to fill positions for which appropriations had been made in the 1974–1975 Budget. Thereafter, the Chairman of the Workmen's Compensation Board caused each of the petitioners to be served with a notice that their positions were being abolished as of January 22, 1975. The said notice recited that the positions were being abolished pursuant to an oral order of the Division of the Budget. It is alleged in the brief on behalf of the respondents that on January 17, 1975, the respondent Miller as Acting Director of the Budget (hereinafter referred to as director) had filed an amended certificate of availability of funds pursuant to section 49 of the State Finance Law which deleted the payment of funds to the petitioners from the original certificate.

Although the director had filed the amended certificate, the executive budget was thereafter submitted to the Legislature for approval without any reduction in the funds for personal services to represent an abolition of the petitioners' positions. The budget bill submitted by the Governor to the Legislature also did not contain any curtailment of funds for the positions held by the petitioners. Thereafter the budget bill was amended to reduce the amount allowed for personal services and as amended it was passed by the Legislature and approved by the Governor in a lump-sum form. The petitioners bring this proceeding upon the ground that the dismissal of January 22, 1975 is illegal.

The respondents did not file an answer to the petition, but instead moved to dismiss upon the ground that as a matter of law the action of the director is not reviewable in an article 78 proceeding and the further ground that the petition does not state facts which would support relief.

Upon its face subdivision (a) of section 150 of the Workmen's Compensation Law provides that referees are to be appointed for seven-year terms. They are to receive annual salaries to be fixed by the board within the appropriations made for such purposes and may be removed by the board only after a notice of charges and an opportunity to be heard. Pursuant to said section 150, the director could not remove the petitioners and the chairman also had no power to remove them without a hearing. The petition sounding in mandamus is an appropriate proceeding to review the action herein.

The respondents contend that actually the positions held by the petitioners were abolished and, accordingly, the petitioners cannot be entitled to reinstatement as the positions are nonexistent.

The petitioners do not deny that the Legislature could by direct action shorten their term of office or otherwise affect their status as public employees. The present record does not establish that the Legislature has directly acted to affect the term of the appointment as established in section 150 of the Workmen's Compensation Law and the dispositive issue herein is whether or not the Legislature has delegated authority to the director so that he may terminate the appointment through abolishment of fixed term positions by financial control. (See *Matter of Foster v Hurd,* 20 AD2d 847.)

Section 151 of the Workmen's Compensation Law requires in subdivision 1 that the Chairman of the Workmen's Compensation Board submit to the director *for his approval* an estimated budget for the succeeding year. It goes on to provide that the board may not spend more than the itemized amounts specified in its budget unless authorized by the director. It seems readily apparent from the face of the petition and the documents attached thereto that the director did not approve of the proposed budget for the 1975–1976 fiscal year insofar as the petitioners' salaries were concerned.

Section 151 does not purport to give the director the power to either create or abolish positions which may be created and filled by the Workmen's Compensation Board. At the very most his power is solely to approve or disapprove the budget proposed by the board and thereafter to control expenditures beyond those specified for items in the budget. The attempt by the director to approve the line items in part and thereby abolish established positions exceeds his power. The position of referee was created by the Legislature and the power of

appointment given to the board, the said power being limited solely by the appropriation made for referees. It follows that abolishment of the position may only be accomplished by the Legislature within the specified seven-year term of incumbency. There is no delegation of such power to the director in section 151 of the Workmen's Compensation Law.

The respondents refer to section 49 of the State Finance Law as delegating to the director the power to abolish the positions held by the petitioners. This statute provides that as to lump-sum appropriations for personal services as affects the budget for the Workmen's Compensation Board, "no moneys so appropriated shall be available for payments * * * until a schedule of positions and salaries * * * shall have been approved by the director of the budget, and a certificate of such approval filed". This provision, however, does not give the director the power to abolish positions. At most, it creates a situation where the money appropriated may not be paid until the appropriate schedule has been approved by the director and his certificate of approval filed. To say that he might block a salary payment is not the same thing as saying he can abolish a position or terminate employment. Section 49 of the State Finance Law does not by implication include a delegation of legislative authority to alter the tenure of appointment specified in section 150 of the Workmen's Compensation Law.

The record does not establish that the Workmen's Compensation Board has attempted to abolish the subject positions and the specific command of the Legislature that appointments be for a term of seven years would appear to preclude such action by it as to an incumbent. Unlike the situation in *Matter of Young v Board of Educ. of Cent. School Dist. No. 6, Town of Huntington* (35 NY2d 31) the petitioners were not appointed for an indefinite period of time pursuant to statutory requirement. Instead, the statute in the present case required a seven-year term and, thus, the board must follow the statute. (Cf. *Matter of Sullivan v Taylor,* 279 NY 364; *Matter of Collins v City of Schenectady,* 256 App Div 389.)

The respondents, upon their motion for a dismissal of the petition, have failed to establish any basis whereby they individually or collectively had the power to terminate the appointments by means of fiscal action or inaction.

In the absence of direct action by the Legislature to abolish the positions held by the petitioners, they are entitled to

reinstatement to their positions as a matter of law and to the appropriate payment of back salary at their appointive annual rates to April 1, 1975. While the petitioners remain entitled to continue in office on and after April 1, 1975, the legal effect upon salaries of the appropriations for personal services for the fiscal year 1975-1976 has not been briefed. Accordingly, a decision concerning the effective salary from April 1, 1975 to date would be premature in the absence of an answer joining issue on this point.

It should be noted that there is no indication in this record that the director acted in bad faith by his attempt to terminate the petitioners' positions so as to preserve the fiscal integrity of State finances.

The judgment should be reversed, on the law and the facts, with costs, and the petition granted to the extent of directing respondents to reinstate petitioners to their positions as referees and directing respondents to pay petitioners their annual salary through April 1, 1975 less whatever other earnings petitioners may have received as specified in subdivision (a) of section 150 of the Workmen's Compensation Law, and matter remitted to Special Term for further proceedings as to back salary for the fiscal year commencing April 1, 1975.

GREENBLOTT, SWEENEY, KANE and REYNOLDS, JJ., concur.

Judgment reversed, on the law and the facts, with costs, and petition granted to the extent of directing respondents to reinstate petitioners to their positions as referees and directing respondents to pay petitioners their annual salary through April 1, 1975 less whatever other earnings petitioners may have received as specified in subdivision (a) of section 150 of the Workmen's Compensation Law, and matter remitted to Special Term for further proceedings as to back salary for the fiscal year commencing April 1, 1975.