## Third Department, November, 1977

## (November 23, 1977)**

■    In the Matter of William Friedman et al., Respondents, v Albert D'Antoni, as Chairman and Administrative Head of the Workmen's Compensation Board of the State of New York, et al., Appellants.—Appeal from an order of the Supreme Court at Special Term, entered April 12, 1977 in Albany County, which sought to carry out the terms of an order of this court entered December 18, 1975. On a prior appeal (Matter of Friedman v D'Antoni, 50 AD2d 9), this court concluded that respondents' attempt to abolish petitioners' positions as referees with the Workmen's Compensation Board was illegal, and that they were entitled to reinstatement with back pay from January 22, 1975 less accumulated earnings and other payments received in the interim. This constituted a reversal of Special Term's original judgment and represented a denial of respondents' motion to dismiss the petition on objections in point of law. However, our opinion also recognized that a computation of appropriate back salary would be necessary and that the intervention of a new fiscal year during the pendency of the appeal might have some impact on that process which could not properly be resolved until issue was joined (p 13). Consequently, our order ultimately remitted the matter to Special Term for further proceedings. It was later affirmed (41 NY2d 1004). The order entered by Special Term upon remittitur is the subject of the instant appeal by respondents, particularly insofar as it directs the payment of salaries at the rates in effect on January 22, 1975, together with any increment, beyond commencement of the April 1, 1975 fiscal year until the date of reinstatement. Since our previous order did not specify another period, respondents' answer setting forth the legal effect of subsequent legislative action on this proceeding was due five days

---

* Not published with other decisions of October 31, 1977, 59 AD2d 770. [Rep.
** Not published with other decisions of November 23, 1977, 59 AD2d 996. [Rep.

after service thereof with notice of entry (CPLR 7804, subd [f]). It appears that the answer contemplated by our former decision has never been served and filed and, thus, respondents are technically in default. Moreover, by virtue of stays, petitioners have still not been reinstated to their positions. On the other hand, if later developments do have any bearing on the proper amount of payments to petitioners, it would be better to finally resolve such issues in the context of this proceeding than to accept further delays attending separate litigation instituted by respondents to recover claimed overpayments. Still, the delay already experienced has been considerable and our modification of the present order should further provide that petitioners be reinstated forthwith and that respondents' answer be served and filed within five days after service of the order to be entered hereon with notice of entry. Order modified, on the law and the facts, by deleting therefrom paragraph numbered "4" and by substituting instead a new paragraph directing respondents to reinstate petitioners forthwith and to submit an answer within five days after service of a copy of the order to be entered hereon with notice of entry, and, as so modified, affirmed, with costs, and matter remitted to Special Term for further proceedings in accordance herewith. Sweeney, J. P., Kane, Mahoney, Main and Mikoll, JJ., concur.