■ In the Matter of PHILIP SHERMAN, Appellant, v CIVIL SERVICE COMMISSION et al., Respondents. (Proceeding No. 1.) In the Matter of NEIL BOYLE, Individually and as President of the Parole Officers Association of the State of New York, Appellant, v VICTOR S. BAHOU, as President of the New York State Civil Service Commission, et al., Respondents. (Proceeding No. 2.) — Appeals from judgments of the Supreme Court at Special Term, entered January 9, 1980 in Albany County, which dismissed petitioners' applications, in two proceedings pursuant to CPLR article 78, to direct respondents to approve the reallocation of positions within the division of parole. Petitioner Sherman is a senior parole officer and petitioner Boyle is a parole officer and president of the Parole Officers Association of the State of New York. The facts surrounding these appeals are undisputed and reveal that in October of 1978, the State Civil Service Commission (Commission) denied Sherman's request for reallocation of the senior parole officer position but approved the requested reallocation of parole officers from Grade 19 to Grade 21. Subsequent thereto, the Division of Budget (Division) refused approval of the reallocation of parole officers on the ground that it "would significantly diminish" the State's ability to provide general salary increases to other State employees. As a further ground, it stated that responsibilities of parole officers are not of "sufficiently greater magnitude" than other similarly classified positions so as to justify a reallocation. The instant article 78 proceedings were commenced seeking review of the refusals by the Commission and the Division to reallocate the positions. Special Term dismissed both petitions, finding that there was a rational basis for respondents' refusal to reallocate the positions. These appeals ensued. Initially, we note that the mere fact that the Commission approved the reallocation of parole officers from Grade 19 to Grade 21 does not mean that the Division must do likewise. Furthermore, such disapproval is not in itself arbitrary. The Division has the independent authority to approve or disapprove an allocation *(Matter of Foster v Hurd,* 20 AD2d 847, mot for lv to app den 14 NY2d 488). Basically, the Division ascribed two reasons for its determination, one fiscal which requires no comment by us other then to say it is reasonable. The other reason is based on the conclusion that any change in the parole officers' job description did not require reallocation to a higher pay grade. There is also sufficient evidence in the record to support this finding. We reject petitioners' contention that the Legislature changed the job of parole officers when it enacted subdivision 2 of section 259-f of the Executive Law (L 1977, ch 904, § 3) by adding the language "and to use judgment in the enforcement of the rules and regulations of parole and conditional release". The earlier version of the statute (Correction Law, § 9 [repealed L 1977, ch 904, § 2]) did not include the reference to enforcement duties. The record demonstrates by ample proof that the new statute did not create any substantial change in the duties of a parole officer. Concerning the Commission's denial of the request to reallocate the senior parole officer position, it is maintained that supervisory personnel should be three grades higher than the men they supervise and since the Commission granted reallocation to parole officers it should have granted reallocation to senior parole officers. Even if there were merit to the argument that supervisory

personnel should be substantially higher in grade than the men they supervise, the Commission's denial was reasonable in view of the Division's refusal to approve the reallocation of parole officers. Petitioners have failed to demonstrate that the refusals of the Commission and the Division were arbitrary or capricious. The judgments, therefore, should be affirmed. Judgments affirmed, without costs. Sweeney, J.P., Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.